IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-360-FL

| DORIS MERCER and STEPHEN MERCER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | ORDER |
| v. | ) |  |
|  | ) |  |
| WAL-MART STORES, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the court on defendant's motion to dismiss for non-compliance or in the alternative to strike plaintiff's pleadings (DE 22), defendant's second motion for extension of time to extend expert disclosure deadlines (DE 24), and defendant's motion for summary judgment (DE 26). The issues raised in the motions have been fully briefed and are ripe for ruling. For the reasons discussed below, the court denies defendant's motion to dismiss except as provided herein, grants defendant's second motion for an extension of time, and denies defendant's motion for summary judgment without prejudice.

## BACKGROUND

Plaintiffs initiated this slip and fall action pro se on July 18, 2017, alleging negligence on the basis that defendant had a duty to warn or make safe its premises, that defendant breached that duty, and that such breach proximately caused plaintiff Doris Mercer's injuries. Plaintiffs seek compensatory and punitive damages.

On December 5, 2017, the court entered a case management order, wherein it required, among other things, that all discovery in the case be completed by June 4, 2018, disclosures from

experts be filed May 2, 2018, and rebuttal experts by June 4, 2018, and dispositive motions be filed by July 6, 2018.

On April 2, 2018, defendant filed a motion to compel plaintiff's discovery responses, which was granted by order of the court dated May 15, 2018. (DE 18). The court required that plaintiff provide full discovery responses to defendants' first set of interrogatories and requests for production (DE 13-1) by June 5, 2018. That same day, the court issued an order granting an extension of time for discovery to be completed by August 3, 2018, but did not extend the dispositive motions deadline. (DE 19). Neither party sought an extension of the dispositive motions deadline.

On June 28, 2018, defendant filed the instant motion to dismiss, alleging that plaintiff has failed to comply with the court's order to provide full discovery responses. Defendant also asks the court alternatively to strike plaintiff's allegations of fraud and punitive damages. That same day, defendant submitted the instant second motion for extension of time to extend expert disclosure deadlines.

On July 5, 2018, defendant filed the instant motion for summary judgment, together with its statement of material facts, arguing that plaintiffs failed to show that defendant had notice of the liability on the premises and that plaintiff had actual or constructive knowledge of object in the store that caused her to slip and fall. In support of its motion, defendant relies upon a statement of material facts and an appendix to the statement of facts, which contains cases cited by defendant.

Plaintiffs responded in opposition to defendant's motion for summary judgment, arguing that plaintiff Doris Mercer did not have actual or constructive knowledge of the hazard in defendant's store that caused her to fall, and arguing that defendant was on notice as to the hazard. In support

of plaintiffs' argument, plaintiffs submit an opposing statement of material facts, a declaration of plaintiff Doris Mercer ("Mercer Decl." (DE 39-1), a declaration of Lori Phillips ("Phillips") (DE 39-2), a declaration of Doris Doxie ("Doxie") (DE 39-3), plaintiffs' rule 26(a) disclosures ("Plaintiff Initial Disclosures" (DE 39-4)) and defendant's rule 26(a) disclosures ("Defendant's Initial Disclosures" (DE 39-5)). Plaintiffs assert that a genuine issue of material fact exists as to whether defendant is liable for injuries sustained by plaintiff Doris Mercer on its premises.

Defendant replied, specifically focusing on plaintiffs' allegations of misconduct on the part of defense counsel, and asserting the failure of plaintiff to respond to discovery requests.

**COURT'S DISCUSSION**

A.  Defendant's Motion to Dismiss

Defendant seeks dismissal of plaintiff's complaint for failure to comply with the court's order to provide discovery.

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "This motion may be made if: . . . a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Id. "If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). This may include "dismissing the action or proceeding in whole or in part." Id. Nevertheless, before imposing a sanction of default judgment or dismissal, the court must "warn[] . . . in no uncertain terms . . . that failure to comply with the court's order [will] result in" such sanction. Anderson v. Found. for Advancement, Educ. & Employment of Am.

3

Indians, 155 F.3d 500, 504 (4th Cir. 1998); Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995).

Here, defendant has asserted that plaintiffs failed to comply with the court's order compelling responses to the interrogatories and requests for production of documents. (See DE 13-1). Since defendant filed its motion to dismiss, plaintiffs have failed to show that they served their responses to defendant's discovery requests. Instead, plaintiffs have attached their Rule 26(a) disclosures as part of their response in opposition to summary judgment. (DE 39-4). This is not a full and complete response to defendant's discovery request, as required by the court's order dated May 15, 2018 (DE 18). Plaintiffs suggest also they were impeded in their ability previously to respond to defendant's requests. (See, e.g., Pl. Mem. Opp. Mot. to Dismiss (DE 32) at 14-15 (discussing plaintiff's surgery); Mercer Decl. (DE 39-1) ¶¶ 36-39) (describing plaintiffs being forced out of their home)).

Accordingly, the court again orders plaintiffs to serve their responses to defendant's discovery requests. The clerk is DIRECTED to send plaintiffs a copy of defendant's discovery requests (DE 13-1) together with this order. Plaintiffs are DIRECTED to serve their responses on or before **January 10, 2019.** Plaintiffs are further DIRECTED to file on or before **January 17, 2019**, a declaration with the court certifying that defendant has been served discovery. Plaintiffs are hereby WARNED that failure to comply with this order may result in dismissal of the action in its entirety. Accordingly, the court denies without prejudice defendant's motion to dismiss.

Defendant has alternatively moved, to strike plaintiffs' pleadings for fraud and punitive damages based on their failure to comply with discovery. See Fed. R. Civ. P. 37(b)(2). However, striking pleadings, while authorized by Rule 37(b)(2) of the Federal Rules of Civil Procedure for

flagrant discovery abuses, is a "draconian remedy of last resort." Frame v. S–H, Inc., 967 F.2d 194, 203 (5th Cir.1992) (citations omitted). Such an extreme measure is not warranted in this case, in light of plaintiffs' suggestions as to why they were impeded in their ability to respond to defendant's requests, and in light of the court's foregoing order requiring plaintiffs to answer defendant's discovery requests. Consequently, defendant's alternative motion to strike plaintiff's pleadings for failure to respond to discovery requests is denied.

B.      Defendant's Second Motion for Extension of Time for Expert Disclosures

Defendant seeks an extension of time for expert discovery in this case, arguing that, in the absence of the discovery requested from plaintiff, defendant is unable to obtain expert opinions on the transactions or occurrences in this case. For good cause shown, the court grants defendant's motion. The deadline for expert discovery is extended to **March 11, 2019.**

C.      Defendant's Motion for Summary Judgment

Since plaintiff has failed to respond to defendant's discovery request, and defendant filed a motion for summary judgment with limited factual information, the court concludes defendant is unable properly address plaintiffs' assertions of fact raised in opposition to the motion for summary judgment. See Fed. R. Civ. P. 56(e). Pursuant to Federal Rule of Civil Procedure 56(e)(1), (e)(4), the court denies defendant's motion for summary judgment without prejudice to filing again a motion for summary judgment no later than **April 10, 2019.**

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss, or in the alternative to strike the pleadings (DE 22) is DENIED. Plaintiff's are DIRECTED to serve their responses to defendant's discovery requests (DE 13-1) no later than **January 10, 2019.** The clerk is DIRECTED to send

plaintiffs a copy of defendant's discovery requests (DE 13-1) together with this order. Plaintiffs are FURTHER DIRECTED to file on or before **January 17, 2019,** a declaration with the court certifying that defendant has been served such discovery responses. **Plaintiffs are hereby WARNED that failure to comply with this order may result in dismissal of the action in its entirety.**

It is FURTHER ORDERED that defendant's second motion for extension of time to extend expert discovery (DE 24) is GRANTED. The parties shall have until **March 11, 2019,** to make expert disclosures.

It is FURTHER ORDERED that defendant's motion for summary judgment (DE 26) is DENIED WITHOUT PREJUDICE. Defendant may file a second motion for summary judgment no later than **April 10, 2019.**

Where discovery in this matter continues, and the deadline for dispositive motions has been extended, the court AMENDS its case management order (DE 12) so that a trial scheduling order will issue following the court's ruling on any remaining dispositive motions, as set forth herein. Except as amended herein, the deadlines and requirements imposed by the court's case management order and previous amendments (DE 12, 18, 19) remain in full force and effect.

SO ORDERED, this the 21st day of December, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge