IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-360-FL

| | |
|---|---|
| DORIS MERCER and STEPHEN MERCER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| WAL-MART STORES, INC., | )<br>) |
| Defendant. | ) |

ORDER

This matter comes before the court on defendant's second motion to dismiss for plaintiffs' noncompliance with the court's discovery order.[1] (DE 54). The issues raised in the motion have been fully briefed, and in this posture are ripe for ruling. For the reasons discussed below, defendant's motion to dismiss is granted.

**BACKGROUND**

Plaintiffs, proceeding pro se, initiated this slip and fall action pro se on July 18, 2017. On May 15, 2018, the court granted defendant's motion to compel discovery, requiring plaintiffs to provide a full set of responses to defendant's first set of interrogatories and requests for production by June 5, 2018. Plaintiffs failed to timely serve complete discovery responses on defendant, prompting defendant to file its first motion to dismiss for noncompliance with the court's discovery

---

[1] Also pending before the court are defendant's motion for partial summary judgment (DE 59), and plaintiffs' motion for extension of time to file response in opposition to the motion for summary judgment (DE 71).

1

order. While the motion was pending, defendant also filed its first motion for summary judgment, which was fully briefed by the parties.

On December 21, 2018, the court found that plaintiffs had failed to comply with the court's discovery order dated May 15, 2018. The court again ordered plaintiffs to serve their responses to defendant's discovery requests, this time warning plaintiffs that failure to comply with the court's order may result in dismissal of the instant action. Where discovery remained to be completed, the court denied without prejudice defendant's motion for summary judgment, allowing a second opportunity to file the motion on a complete record. On January 17, 2019, plaintiffs filed a declaration asserting that some discovery had been delivered but requesting additional time to complete the discovery. The court allowed plaintiffs additional time to serve completed discovery responses.

On June 28, 2019, defendant filed the instant motion to dismiss, again asserting that plaintiffs' have again failed to comply with the court's discovery order. In addition, defendant asserts that, since the court's order, plaintiffs have further resisted their discovery obligations by refusing to answer questions at deposition, altering records, and failing to adequately explain their damages. In support of the motion, defendant attaches a list of discovery responses plaintiffs have failed to answer, a clinical note plaintiff tampered with in discovery, deposition testimony of plaintiff Doris Mercer, plaintiff's alleged damages calculations and medical bills, plaintiffs' verified complaint against American Airlines for negligence, and plaintiffs' letter to Judge Lane in the American Airlines case.

Plaintiffs filed two separate responses in opposition to defendant's motion, arguing that they produced the discovery required. Plaintiffs assert that they provided defendant with every

hospital record and medical bill within their control to produce.  Plaintiff Doris Mercer admitted to whiting out the phrase "bad teeth" from a medical record, admitted that she had not sent an accounting of her criminal convictions as of the writing of her response, and said that she did not trust one defense counsel to the point that she was unwilling to deal with him.  Finally, plaintiffs attempted to explain the allegations in the American Airlines complaint attached by defendant, and plaintiff Doris Mercer denied ever having written a letter to Judge Lane.

Again, to comply with the court's deadlines, defendant has filed motion for summary judgment with the evidence available to it despite plaintiffs' failure to produce discovery in this case.  That motion currently remains the subject of further briefing.

## COURT'S DISCUSSION

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629–30 (1962); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).  In deciding whether a case should be dismissed, "the power to prevent delays must be weighed [against] the sound public policy of deciding cases on their merits."  McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976) (quoting Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)).  The court considers "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn[-]out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal."  Hillig v. Comm'r, 916 F.2d 171, 174 (4th Cir. 1990); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotations and citations omitted).  The criteria guiding the court's discretion are

not a rigid test, and the propriety of an involuntary dismissal depends upon the facts of each case. Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019).

"To prevail in a common law negligence action, a plaintiff must establish that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the plaintiff's injury was proximately caused by the breach." Martishius v. Carolco Studios, Inc., 355 N.C. 465, 473 (2002) (internal citations omitted). The court's case management order allowed for discovery regarding "the allegations in the pleadings, defendant's defenses, and damages." (Case Management Order (DE 12) at 1). In other words, defendant is entitled to discover facts underlying the incident, including calculation of damages, the identities of witnesses defendant seek to depose, and potential alternative explanations for plaintiff Doris Mercer's injuries that do not involve the fall at Wal-Mart.

According to defendant, plaintiffs have failed to timely respond to numerous interrogatories and requests for production on a range of topics, including prior criminal convictions, other litigation in which plaintiffs were involved, and assorted medical bills. (See Missing Responses (DE 63-2) at 1–4). Plaintiffs fail to come forward with any facts to rebut defendant's latest assertion that the interrogatories and requests for production were not complete.

Even if the court only looks at what plaintiffs have said and done, free of any assertion by defendant, their words and acts are equally troubling. Plaintiffs' January 17, 2019, declaration acknowledged that plaintiffs had not completed the discovery requested from defendants, prompting the court to allow extra time to complete said discovery. (Pl. Decl. (DE 46) at 1–2). Plaintiff Doris Mercer admitted to altering a medical record disclosed to defendant which indicated plaintiff had bad teeth prior to her traumatic fall in 2012, which of course is directly relevant to

4

plaintiff's alleged damages proximately caused by her fall. (10/3/17 Medical Record (DE 63-3) at 1; Pl. Resp. (DE 66) at 9, 12). Plaintiffs admitted distrusting one of defendant's attorneys, to the point that plaintiff Steven Mercer "started packing up his things to leave" his own deposition because of the questions being posed by the attorney. (Pl. Resp. (DE 66) at 8). Plaintiff Doris Mercer admitted that she did not timely provide an accounting of her criminal convictions, requested in discovery by defendants. (Pl. Resp. (DE 66) at 13).

Plaintiff Doris Mercer's conduct at deposition further illustrates plaintiffs' unwillingness to engage in the discovery process. She testified that she did not provide defendant medical records from Duke, because "that doesn't have anything to do with anything." (Doris Mercer Dep. (DE 63-4) 131:4–10). She refused to answer questions at deposition regarding the identity of the Wal-Mart associate who allegedly witnessed her fall. (Doris Mercer Dep. (DE 63-4) 62:14–19, 65:8–14). Despite numerous ambiguities in her disclosure for which counsel sought clarification, plaintiff refused to answer questions regarding how she calculated her damages arising from medical bills, saying "you add them up. I added them up just like you would have." (Doris Mercer Dep. (DE 63-4) 171:8–14; see Damages Calculation (DE 63-5) at 1). She also refused to answer questions regarding the identity of the doctors who opined that her injuries were sustained from her fall at Walmart, rather than from a different incident with similar alleged injuries involving American Airlines. (See Doris Mercer Dep. (DE 63-4) 155:16–22, 157:5–159:4 ("[Y]ou need to quit worrying about American Airlines because you need to be worrying about Walmart."); American Airlines Complaint (DE 63-6)). In sum, plaintiffs are fully responsible for failure to respond to defendant's discovery requests.

The amount of prejudice to defendant caused by plaintiffs' obfuscation in discovery has been substantial. On December 21, 2018, the court denied defendant's first motion for summary judgment without prejudice, because even though fully briefed, defendant lacked the requisite discovery responses from plaintiffs. Since then, defendant has yet again filed a motion for summary judgment without the benefit of a significant amount of relevant discovery requested from plaintiffs. Twice plaintiffs have frustrated defendant's ability to move for summary judgment on a complete record, despite the court's deadlines mandating completion of discovery before the filing of dispositive motions.

Plaintiffs' drawn out history of deliberately proceeding in dilatory fashion also strongly supports dismissal. The court first ordered plaintiffs to provide complete discovery responses on May 15, 2018. Plaintiffs failed to do so, prompting the court to again order plaintiffs to produce their discovery responses by January 10, 2019. Not only have defendants indicated that plaintiffs failed to fully comply with that deadline, but plaintiffs' in deposition, briefing, and other filings demonstrate patent unwillingness to give defendant discovery it has requested for over a year and a half.

Finally, less drastic sanctions than dismissal are not available in this case. The court has warned plaintiffs that failure to comply with their discovery obligations would result in dismissal of this action. (Order (DE 44) at 6); see Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995) (holding district court should warn plaintiffs before dismissing case for failure to comply with a discovery order). But see Rangarajan v. Johns Hopkins Univ., 917 F.3d 218, 226 (4th Cir. 2019) (holding Hathcock does not mandate a warning in every situation, but that lack of a warning was a deficiency reflecting on the court's exercise of discretion in selecting a sanction).

The court also allowed plaintiffs extensions of time to comply with their discovery obligations and otherwise prosecute this case. However, it is apparent from the record that plaintiffs have continuously shirked their responsibilities under the Federal Rules of Civil Procedure and the court's prior orders.

"The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." Faretta v. California, 422 U.S. 806, 834 n.46 (1975). Plaintiffs have at every turn resisted defendant's reasonable requests for discovery. For the reasons noted above, dismissal is the appropriate response.

## CONCLUSION

Based on the foregoing, defendant's second motion to dismiss for plaintiffs' failure to comply with the court's discovery order (DE 54) is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE. Defendant's motion for partial summary judgment (DE 59), and plaintiffs' motion for extension of time to file response in opposition to the motion for summary judgment (DE 71) are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 10th day of October, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge